## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Jennie Klein | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Credit Control, LLC | ) | |
| 5757 Phantom Drive, Suite 330 | ) | |
| Hazelwood, MO 63042 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Jennie Klein, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Credit Control, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the dent collector that fails to clarify the ambiguity at its peril." *Lox*, 689 F.3d at 825.

5. The Seventh Circuit has stated that "[w]hen language in a debt

collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

6. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

7. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker vs. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

9. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

10. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## PARTIES

11. Plaintiff, Jennie Klein (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

12. The Plaintiff's name is Jennie Klein.

13. Plaintiff is a resident of the State of Illinois.

14. Defendant, Credit Control, LLC ("Defendant"), is a Missouri business entity with an address of 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

15. Unless otherwise stated herein, the term "Defendant" shall refer to Credit Control, LLC.

16. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

17. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $492.03 (the "Debt") to an original creditor (the "Creditor")

18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section

1692a(2).

20. On January 3, 2016, Defendant mailed Plaintiff a collection letter. See Exhibit.

21. The "Amount Due: $492.02 as of January 3, 2016. See Exhibit A.

22. Said letter stated "[B]ecause of interest, late charges and other charges that may be assessed by your creditor that vary day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after we receive your check, in which event we will inform you." See Exhibit A.

23. This was charged off prior to the debtor receiving this letter, there can be no "late fees" and can be no "other fees" at all.

24. Furthermore, there is absolutely nothing in the agreement between Capital One and Plaintiff that would give Capital One (or Defendant) the right to charge "other charges."

25. There is absolutely no legal possibility that the statement in paragraph 23 can come to pass.

26. It is a violation of 15 U.S.C. Section 1692e to imply an outcome that can not legally come to pass.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.

29. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

          (1) Statutory damages;

          (2) Attorney fees, litigation expenses and costs of suit; and

          (3) Such other and further relief as the Court deems proper.

          Respectfully submitted,
/s/ John Carlin
  John P. Carlin #6277222
  Suburban Legal Group, LLP
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff